UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                      Plaintiff,

                                                                       DECISION AND ORDER

                                                                       02-CR-6100L

                                      v.

JOSE A. DE LA CRUZ, a/k/a
Ismael Corchado,

                                       Defendant.
_____

       Defendant Jose A. DeLaCruz was convicted after a jury trial of several counts and on January 12, 2005, I sentenced him principally to a term of imprisonment of 432 months. DeLaCruz appealed the judgment and the Second Circuit remanded the case to the district court to determine whether to resentence DeLaCruz in light of *United States v. Booker,* 125 S. Ct. 738 (2005) and *United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005).

       The Court requested submissions from both the Government and defendant and both filed sentencing memoranda (Dkt. ## 132, 133).

       The Court sentenced DeLaCruz as if the Sentencing Guidelines were mandatory and must be applied absent a departure. *Booker*, of course, determined that the Guidelines were to be considered advisory and not mandatory in order to withstand constitutional challenge. It is true that

as to Count 1, I did sentence the defendant at the mid-point of the applicable range (324-405 months). Nevertheless, I am not able to say with certainty that the sentence imposed on January 12, 2005 would not have been affected had the Court proceeded to sentencing utilizing the Guidelines as advisory. The Court must now consider 18 U.S.C. § 3553(a) and all the factors listed, which include the Guidelines, in determining the appropriate sentence. The sentence imposed in this case is substantial, 36 years, and I am not able to find that the sentencing "error" (considering the Guidelines mandatory) was harmless error. If error occurred, I believe defendant should have an opportunity to present argument under the correct sentencing regime.

CONCLUSION

The Judgment and Commitment entered January 14, 2005 is hereby vacated. The Government is directed to prepare the necessary documentation to return the defendant to this district for resentencing. Once the defendant is in the district, the Court will set a sentencing date. I see no reason why the existing presentence report cannot be utilized. Defense counsel may rely on objections previously filed and/or submit new objections. I also expect that defendant will submit a sentencing memorandum addressing sentencing issues and the factors set forth in § 3553(a). Objections and memoranda must be filed by the defense on or before December 29, 2006. The Government's response must be filed by January 19, 2007.

   IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 27, 2006.